UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                      )
UNITED STATES OF AMERICA,          )
                                                      )
                                                      )     Criminal No. 16-10303-DPW
v.                                                   )
                                                      )
MICHAEL DIROCCO,                        )
                                                      )
                    Defendant.                  )
_____)

ORDER ON DEFENDANT'S MOTION FOR DISCOVERY AND REPORT AND
RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
[Docket No. 36]

May 3, 2017

Boal, M.J.

        Defendant Michael Dirocco is charged in an indictment with armed bank robbery in

violation of 18 U.S.C. § 2113(a) and (d).  He has moved for an order allowing discovery, an

evidentiary hearing, and dismissal of the indictment for vindictive prosecution.  Docket No. 36.[1]

For the following reasons, this Court denies Dirocco's request for discovery and recommends

that the District Judge assigned to the case deny Dirocco's motion to dismiss.

I.        BACKGROUND

        In 2014, the Commonwealth of Massachusetts charged Dirocco with a bank robbery that

allegedly occurred on November 17, 2014.  Docket No. 36 at 2.[2]  The Federal Bureau of

_____

[1] On March 28, 2017, the District Court referred this motion to the undersigned for a report and
recommendation.  Docket No. 48.

[2] The background is derived from Dirocco's motion and affidavit.  Docket No. 36.  It does not
appear that the government disputes Dirocco's recitation of the relevant procedural and factual
background.

1

Investigation ("FBI") and the U.S. Attorney's Office opted not to prosecute the case in federal court.  Id.

On February 2, 2016, the state criminal case was dismissed with prejudice, after the Commonwealth violated the Interstate Agreement on Detainers ("IAD") by failing to bring the case to trial on a timely basis.  Id.  The Commonwealth chose not to pursue an appeal.  Id.

After the case was dismissed, Dirocco was released from custody and returned to Cranston, Rhode Island.  Id.  The Seekonk Police Department had seized some of Dirocco's personal property (money, clothes, and shoes) in conjunction with the case.  Id.  After his release, Dirocco went to the Seekonk Police Station to request the return of his property.  Id.; Dirocco Aff. ¶ 3.[3]  Detective Enos, one of the officers who responded to the bank robbery and the officer responsible for the evidence, told Dirocco that he could not release the property because he had to check the status of the case.  Id.  Dirocco had brought with him a copy of the Motion to Dismiss and the judge's order dismissing the case.  Docket No. 36 at 2.  Dirocco left the police station without his property.

After several weeks, Dirocco called to check whether he could get his property back. Dirocco Aff. ¶ 4.  Detective Enos told Dirocco that the case was on appeal.  Id.  According to Dirocco, Detective Enos' tone was angry and abrupt and he hung up on Dirocco.  Id.  The case was not on appeal.  Id. at ¶ 5; Docket No. 36 at 3.

Dirocco alleges that Detective Enos was so incensed by Dirocco's request for the return of his property that, in August 2016, he called FBI Agent Kelly and urged him to instigate a

---

[3] "Dirocco Aff." refers to the Affidavit of Defendant Michael Dirocco.  Docket No. 36-1.

federal prosecution for the November 2014 bank robbery.[4]  Docket No. 36 at 3.  Agent Kelly promised Enos that he would "speak with the United States Attorney's Office about it."  Id. According to Dirocco, until the August 2016 call, Agent Kelly had heard nothing about the case since the U.S. Attorney's Office decided not to prosecute.  Docket No. 36 at 4.

On or about August 25, 2016, Detective Enos called Dirocco's mother and told her that Dirocco could get his property.  Dirocco Aff. ¶ 6.  Dirocco went to the police station to retrieve his property and was arrested by the U.S. Marshals Service on the instant charges.  Id. ¶ 7. Dirocco maintains that while he was in custody, Detective Enos said to him words to the effect of "[o]h, you wanted to keep calling me for your money back . . . the guy who screwed up your case didn't return my calls for 3 months, you should have never called me – I would have never known you had beat the case."  Dirocco Aff. ¶ 8.

In the state case, Dirocco was prosecuted with a co-defendant, Derek Decosta.  Decosta's case was also dismissed in 2014 for an IAD violation.  Docket No. 36 at 4.  The U.S. Attorney's Office has not prosecuted Decosta.  Id.

II.    ANALYSIS

Dirocco argues that the indictment in this case should be dismissed for being a vindictive prosecution.  Docket No. 36.  He requests discovery to enable him to construct a viable vindictive prosecution claim, an evidentiary hearing, and dismissal of the indictment.  Id. at 1. He also argues that the District Court should dismiss the indictment as an equitable remedy for the earlier IAD violation.  Id.  For the following reasons, the Court finds that Dirocco has not shown that he is entitled to discovery or that the case is subject to dismissal.

---

[4] Agent Kelly was the federal agent who had been assigned the bank robbery case in 2014. Docket No. 36 at 3.

A.    <u>Vindictive Prosecution</u>

"A vindictive prosecution—one in which the prosecutor seeks to punish the defendant for exercising a protected statutory or constitutional right—violates a defendant's Fifth Amendment right to due process."  <u>United States v. Jenkins</u>, 537 F.3d 1, 3 (1st Cir. 2008).  Indeed, "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'"  <u>United States v. Goodwin</u>, 457 U.S. 368, 372 (1982) (quoting <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 363 (1978)).  "Of course, 'the very purpose of instituting criminal proceedings against an individual is to punish; therefore, the mere presence of a punitive motivation behind prosecutorial action does not render such action constitutionally violative.'" <u>United States v. Tobin</u>, 598 F. Supp. 2d 125, 128 (D. Me. 2009) (quoting <u>United States v. Aviles-Sierra</u>, 576 F. Supp. 2d 235, 237 (D.P.R. 2008)).  "Thus, a defendant may be penalized for violating the law, but not punished for exercising his rights."  <u>Id.</u> (citing <u>Goodwin</u>, 457 U.S. at 372).

"A defendant may establish a vindictive prosecution either (1) by producing evidence of actual vindictiveness or (2) by demonstrating circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness."  <u>Jenkins</u>, 537 F.3d at 3 (citing <u>United States v. Marrapese</u>, 826 F.2d 145, 147 (1st Cir. 1987)).  "If a defendant raises a presumption of vindictiveness, the prosecutor may rebut the presumption by showing objective reasons for its charges."  <u>Id.</u>  Because of the broad discretion afforded to prosecutors regarding who should be prosecuted and for what crime, and the presumption that prosecutors exercise that discretion in good faith, it is difficult to make a showing that raises a presumption of vindictiveness pretrial. <u>United States v. Bucci</u>, 582 F.3d 108, 112 (1st Cir. 2009).  "[C]ourts should go very slowly in embracing presumptions of prosecutorial vindictiveness in pretrial proceedings."  <u>United States</u>

4

v. Stokes, 124 F.3d 39, 45 (1st Cir. 1997).

A defendant seeking discovery regarding vindictiveness must "first come forth with 'some' objective evidence tending to show the existence of prosecutorial vindictiveness." Bucci, 582 F.3d at 113 (citations omitted).  It is not sufficient to simply "identify a potential motive for prosecutorial animus." Id. (citations omitted).  "He must connect any vindictive animus to those making the challenged charging decisions in his case." Id. (citing United States v. Goulding, 26 F.3d 656, 662 (7th Cir. 1994)).  The standard for discovery regarding vindictiveness is a "rigorous" one because:

> examining the basis of prosecution delays criminal proceedings, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy.

United States v. George, 839 F. Supp. 2d 430, 442 (D. Mass. 2012) (quoting United States v. Sanders, 211 F.3d 711, 717 (2nd Cir. 2000)).

Similarly, the defendant is entitled to an evidentiary hearing on his vindictive prosecution claim if he "can point to specific facts that raise a likelihood of vindictiveness." United States v. Lanoue, 137 F.3d 656, 665 (1st Cir. 1998) (citations omitted).

Dirocco argues that this prosecution was initiated in retaliation for his exercise of his lawful right to obtain return of his property pursuant to M.G.L. c. 276, § 3. Docket No. 36 at 1, 3, 7-11; Docket No. 47 at 6.  According to Dirocco, Detective Enos was "so incensed by the request that instead of returning the property, as he was required to do under state law, he called a federal agent and fomented the present prosecution." Docket No. 36 at 1.  In support of his argument that this prosecution was vindictive, Dirocco points to the following evidence: (1) Detective Enos was angry and abrupt when Dirocco requested return of his property; (2) Detective Enos suggested that the return of the property was not appropriate because the state

5

case was on appeal when it was not; (3) Detective Enos called Agent Kelly to urge him to instigate a federal prosecution; (4) Detective Enos' statements to Dirocco when he was arrested in August 2016 support a finding that Detective Enos possessed a personal animus against Dirocco; and (5) the U.S. Attorney's Office has not prosecuted Decosta, who was Dirocco's co-defendant in the state case.  Docket No. 36 at 2-5, 8; see also Dirocco Aff.  The Court finds that this showing is insufficient to entitle Dirocco to obtain discovery regarding vindictiveness.

While Dirocco presents some evidence that Detective Enos possessed a personal animus against Dirocco, he has presented no evidence that such animus affected either Agent Kelly or the federal prosecutors making decisions in this case.  "[T]he conduct of two independent sovereigns does not lend itself to the concept of vindictive prosecution."  United States v. Charles, No. Crim. 97-10107-PBS, 1998 WL 204696, at *8 (D. Mass. 1998) (quoting United States v. Ng, 699 F.2d 63, 68 (2nd Cir. 1983)).  Prosecution by two different sovereigns, "each acting independently under its own laws and it its own interest without any control of or by the other, renders inapplicable the concept of prosecutorial vindictiveness."  Id.  Thus, "the concept of vindictive prosecution by two separate sovereigns requires a finding of complicity between the state and federal prosecutors."  United States v. Bassford, 812 F.2d 16, 20-21 (1st Cir. 1986).  Dirocco has presented no objective evidence of complicity between Detective Enos and the federal prosecutors.  Indeed, "the government's decision to refrain from initiating federal criminal proceedings pending the outcome of a parallel (but independent) state prosecution, and to relax the self-imposed restraint only after it had been disappointed by the end result of the parallel proceeding, falls squarely within the encincture of [] prosecutorial discretion."  Stokes, 124 F.3d at 45 (citations omitted).  Accordingly, the Court finds that Dirocco has not shown that he is entitled to discovery regarding vindictiveness.

For the same reasons, Dirocco has also failed to show specific facts that raise a likelihood of vindictiveness sufficient to entitle him to an evidentiary hearing or dismissal of the indictment.  See, e.g., Bucci, 582 F.3d at 115; George, 839 F. Supp. at 444.  Accordingly, the Court also recommends that the District Court deny Dirocco's motion to dismiss for vindictive prosecution.

      B.      Equitable Dismissal

In the alternative, Dirocco argues that the District Court should dismiss the indictment as an equitable remedy for the earlier IAD violation.  Docket No. 36 at 12-13.  Dirocco argues that dismissal is required because this prosecution is nothing more than an "end run" around the state court IAD dismissal.  Id.  However, Dirocco has cited no authority for his request.  Moreover, his request for dismissal contravenes the concept of "dual sovereignty," under which it is well-established that federal and state officials may bring "dual prosecutions under both federal and state law for the same act."  Bassford, 812 F.2d at 20 (citing United States v. Lanza, 260 U.S. 377 (1922)).  Accordingly, the Court recommends that the District Court also deny Dirocco's request for dismissal of the indictment as an equitable remedy.

III.      ORDER AND RECOMMENDATION

For the foregoing reasons, the Court denies Dirocco's motion for discovery and recommends that the District Judge assigned to this case deny Dirocco's motion to dismiss the indictment.

IV.      REVIEW BY DISTRICT JUDGE

The parties are hereby advised that, under the provisions of Rule 59(b) of the Federal Rules of Criminal Procedure, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within

14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule will preclude further appellate review.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir 1993).

    /s/  Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE